## In re ROUSSEAU'S ESTATE.

BINDER, Appellant, v. ROUSSEAU et al, Respondents.

(205 N. W. 222.)

(File No. 5590.   Opinion filed September 18, 1925.)

**Perpetuities—Trusts—Wills—Trust Not Invalid Under Statute.**

> Testatrix bequeathed residue of estate in trust for education
> of her children, will providing that, if any child died before
> completion of education of others or before reaching 30 years,
> then, on his or her death, its share was devised to "his or her
> issue," if any, and, if none, to or among "his or her brothers
> and sisters," to be given "them" by trustee on same terms
> brothers and sisters would have received trust funds. **Held,** that
> there was absolute and immediate gift to issue, if any, of tes-
> tatrix's children, upon death of any child, and that pronoun
> "them" did not refer back to phrase "his or her issue," but
> had for sole antecedent phrase "his or her brothers and sis-
> ters," and trust therefore was not void, within Rev. Code 1919,
> Secs. 294, 295.

Appeal from Circuit Court, Dewey County; HON. W. F.
EDDY, Judge.

In the matter of the estate of Victoria Rousseau, deceased.
Petition by Joseph B. Binder, executor, etc., for an order of dis-
tribution, opposed by Camille Rousseau and others.   Decree of
county court for objectors was affirmed by judgment of the cir-
cuit court, and the executor appeals.   Judgment reversed and re-
manded, with instructions.

*Martens & Goldsmith,* of Pierre, for Appellant.

*Stephens, McNamee, O'Keeffe & Stephens,* of Pierre, for Re-
spondents.

Appellant cited: Allen v. Almy, 87 Conn. 517, 89 Atl. 205,
Ann. Cas. 1917B, 112; In re Phelps' Estate (Cal.), 190 Pac. 17.

Respondent cited:   In re Walkerly, 49 A. S. R. 97; Penfield
v. Tower, 46 N. W. 413; Lawrence v. Smith, 163 Ill. 149; Estate
of Fair, 132 Cal. 523, 84 A. S. R. 70; Johnson's Estate, 185 Pac.
179, 64 A. S. R. 621; In re Fay's Estate (Cal.), 89 Pac. 1065.

CAMPBELL, J.   Victoria Rousseau made her will October
6, 1921, the third and fifth paragraphs whereof were as follows:

"Third.   All the rest, residue and remainder of my estate,
real, personal or mixed, wheresoever situated, I hereby give, de-

vise and bequeath unto my executor and trustee hereinafter named, in trust, however, for the uses and purposes following, that is to say, in trust to hold and manage and control the same and every part thereof, collecting the rents, income, dividends and profits arising therefrom and paying out of said rents, incomes, dividends and profits, all proper taxes, assessments, charges and expenses incident thereto and to the management thereof, the net income of the said rest and residue of my said estate and property to be first used by my said trustee for the care and education of my son Camille Rousseau, my son Cyril Rousseau, my daughter Helen C. Rousseau, and my daughter Marcelline Rousseau, if at the time of my death any of said children have not completed their education; if at the time of my death all of said children have completed their education, or in the event that they have not so completed their education, then when each and all of said children have completed their education, I direct that my said trustee shall pay the net income from said rest and residue of my estate to my daughter Mary C. Quidor, my daughter Arlean Rousseau, my son Camille Rousseau, my son Cyril Rousseau, my daughter Helen C. Rousseau, and my daughter Marcelline Rousseau, in equal shares; and upon any of my said children, Mary C. Quidor, Arlean Rousseau, Camille Rousseau, Cyril Rousseau, Helen C. Rousseau and Marcelline Rousseau, reaching the age of thirty years, and the education of my said children Camille Rousseau, Cyril Rousseau, Helen C. Rousseau and Marcelline Rousseau having been completed, my said trustee is directed to give and convey to said child upon his or her so reaching the age of thirty years, his equal share of the principal trust fund. If any of my said children shall die before the education of my said four youngest children, Camille, Cyril, Helen and Marcelline, shall have been completed, or before reaching the age of thirty years, then upon his or her death I give, devise and bequeath his or her share to and among his or her issue, if any, and if none, to and among his or her brothers and sisters, if any, to be given and conveyed to them by my said trustee upon the same terms and conditions as the said brother or sister would have received his share of said trust funds; the issue of the said deceased brother or sister to take the share to which their parent would be entitled if living."

"It is my intention that by this will the entire income from

the rest and residue of my estate be first used to educate my four youngest children, and that after they have received their education that each of my said children shall receive an equal share of the income from my estate until each reaches the age of thirty years, when he or she shall each receive an equal share of the principal thereof."

"Fifth. If in any event the trust fund hereinbefore mentioned should fail or be set aside, I then give, devise and bequeath all of the rest, residue and remainder of my property, whether real, personal or mixed, wheresoever situated, except the specific bequest of five dollars to my husband, Amedee Rousseau, to my children, Mary C. Quidor, Arlean Rousseau, Camille Rousseau, Cyril Rousseau, Helen C. Rousseau and Marcelline Rousseau, share and share alike."

She thereafter died, and her estate was duly administered in the county court of Dewey county, S. D., and the executor made his final report, showing that the estate was ready for distribution, and petitioned the court to order distribution thereof (excepting the homestead, which was set aside as such) to the trustee named in the will, pursuant to the terms of the third paragraph thereof. Thereupon the children of testatrix appeared, and objected to the distribution of said property to the trustee, upon the ground that the trust attempted to be set up in the third paragraph of the will was invalid under the provisions of sections 294 and 295, Rev. Code 1919, which read as follows:

"Sec. 294. *Power of Alienation Suspended, How Long.* The absolute power of alienation cannot be suspended by any limitation or condition whatever, for a longer period than during the continuance of the lives of persons in being at the creation of the limitation or condition, except in the single case mentioned in section 322 of this code relating to contingent fee remainder on a prior fee remainder.

"Sec. 295. *When Future Interest Void.* Every future interest is void in its creation, which, by any possibility, may suspend the absolute power of alienation for a longer period than is prescribed in this part. Such power of alienation is suspended when there are no persons in being by whom an absolute interest in possession can be conveyed."

And the objectors prayed that distribution be made directly and unconditionally to the children of testatrix, pursuant to the fifth paragraph of the will. The county court held with the objectors, and made and entered its final decree, distributing the property directly and unconditionally to the children pursuant to said fifth paragraph. The executor thereupon appealed to the circuit court of Dewey county, S. D., which affirmed the final decree of the county court, and from said judgment the executor appeals.

The sole question upon this appeal is as to the validity of the trust set up in the third paragraph of the will. The question arises upon the construction of that portion of the trust which reads:

"If any of my said children shall dies before * * * then upon his or her death I give, devise and bequeath his or her share to and among *his or her issue,* if any, and if none, to and among *his or her brothers and sisters,* if any, to be given and conveyed to *them* by my said trustee upon the same terms and conditions as the said brother or sister would have received his share of said trust funds; the issue of the said deceased brother or sister to take the share to which their parent would be entitled if living."

It is the contention of the respondent that the pronoun "them" has a double antecedent, and refers both to "his or her issue" and to "his or her brothers and sisters," and therefore, if the child Mary Quidor, for example, should die subsequent to the death of the testatrix and before age 30, leaving issue born subsequent to the death of said testatrix, said issue would not take until attaining the age of 30, which might not be until after all the children of testatrix had died, and thereby the absolute power of alienation of the trust property might be suspended for a period longer than the continuance of lives in being at the creation of the trust.

It is the contention of appellants, on the other hand, that by virtue of the clause, "then upon his or her death I give, devise and bequeath his or her share to and among his or her issue, if any," there is an absolute and immediate gift to the issue, whereby they take forthwith upon the death of the ancestor, and that the pronoun "them" does not refer back to the phrase "his or her issue," but has as its sole antecedent the phrase "his or her brothers and sisters."

Adopting the construction of the appellant, and assuming all six children to be living at the death of the testatrix, each child became conditionally entitled to five-thirtieths of the principal of the trust, to be paid to said child upon reaching the age of 30 and upon the completion of the education of the four younger children. The income meantime to be used first for the education of the four youngest children, and, that being completed, to be divided equally among the six children until the eldest reached the age of 30, whereupon the five thirtieths share of said child would be withdrawn, and the income from the remaining twenty-five thirtieths would be paid equally to the other five children until the next child reached the age of 30, when his share would likewise be withdrawn, and so on.

If, prior to the happening of these two conditions, the child Mary died leaving issue, her five-thirtieths would go immediately to her issue. The total trust therefore would be diminished to twenty-five thirtieths, of which each of the remaining five children would remain entitled to five-thirtieths upon the same terms and conditions as previously. On the other hand, if the said Mary so died leaving no issue, her five-thirtieths would go equally to her five surviving brothers and sisters upon the same conditions as their existing interests. The principal trust fund would be undiminished, and each child would have a six-thirtieths interest therein, upon the same terms and conditions upon which they formerly held a five-thirtieths interest each, and the deceased Mary a five-thirtieths interest. If all the children of testatrix should die without issue before the fulfillment of the conditions, the trust would fail, and there would of course be a resulting trust vested immediately for the heirs at law of the testatrix.

Respondents rely on the last paragraph of the trust provision, beginning with the words "It is my intention." We think this paragraph must be construed as expressing merely the intention of testatrix, if all things went as she hoped they might; that is, if all six of her children survived her, the four youngest children completed their education, and each child reached the age of 30. She did not purport in that paragraph to outline her intention in the event of various contingencies that might arise, such as the death of some of her children prior to the fulfillment of her conditions.

That contingency she had provided for above, and does not here repeat it.

We are of the opinion that appellant is right in his contention as to the construction of the trust clause. Such construction does no violence to the language of the will, is consonant with the intention and desire of the testatrix as she undertook to express it in her will, construes all the parts of the will in relation to each other, so as to form a consistent whole, and enables the entire will to stand. Under the provisions of section 643 to 677, Code 1919, we believe this construction must be adopted, the trust held valid and distribution made to the trustee accordingly.

The judgment appealed from is reversed, and the case is remanded, with instructions to enter a judgment in harmony with this opinion.